**Brian HUNTER, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Commodity Futures Trading Commission, Intervenor for Petitioner**

CME Group, Inc.; Futures Industry Association; Managed Funds Association; National Futures Association, Amici Curiae for Petitioner.

No. 10–1017.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2010.

Leanne Abrams Bortner, Andrew Clark Lourie, Esquire, Kobre & Kim LLP, Washington, DC, Michael Sang Yun Kim, Esquire, Kobre & Kim LLP, New York, NY, for Petitioner.

Robert Harris Solomon, Esquire, Solicitor, Robert Michael Kennedy, Jr., Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Bradford Mann Berry, Mary T. Connelly, Counsel, Commodity Futures Trading Commission (CFTC) Office of General Counsel, Washington, DC, for Intervenor for Petitioner.

Before: SENTELLE, Chief Judge, HENDERSON, Circuit Judge, and RANDOLPH, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This petition was considered on the record from the Federal Energy Regulatory Commission ("Commission") and the briefs submitted by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review is dismissed.

Petitioner, Brian Hunter, was engaged in the natural gas futures market prior to 2006 and amassed losses of more than $6 billion. In July 2007, the Commission filed an enforcement action against him pursuant to the Natural Gas Act, 15 U.S.C. § 717t–1, alleging that Petitioner's trading activity in the natural gas futures market directly and indirectly affected the price of natural gas wholesale contracts. A Commodity Futures Trading Commission proceeding against Petitioner is also currently ongoing.

The full Commission has made no ruling on the matter before us, except to hold that it has jurisdiction. *Amaranth Advisors L.L.C.*, 124 FERC ¶ 61,050 (2008). It referred the matter to an administrative law judge, who issued a decision recommending that the Commission find Petitioner liable on all charges brought against him. *Brian Hunter*, 130 FERC ¶ 63,004 (2010). Petitioner opposed that recommendation before the Commission. The Commission has made no ruling except to reaffirm that it has jurisdiction in a January 15, 2010 order denying rehearing which petitioner now brings before this court. *Brian Hunter*, 130 FERC ¶ 61,030 (2010).

Petitioner seeks review of the Commission's order pursuant to the Natural Gas Act, 15 U.S.C. § 717r(b), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 704. Under the APA, only an "[a]gency action reviewable by statute and final agency action for which there is no other adequate remedy in a court" is subject to judicial review. 5 U.S.C. § 704. Whether we review this petition as an "agency action reviewable" under the Natural Gas Act or as a final agency action, we must consider whether the Commission's action is final. *See Pub. Util. Comm'n of Cal. v. F.E.R.C.*, 894 F.2d 1372, 1377–78 (D.C.Cir. 1990) (holding that section 15 U.S.C. 717r(b) incorporates a finality requirement). For agency action to be "final," "it must generally 'mark the consummation of the agency's decisionmaking process' *and* either determine 'rights or obligations' or result in 'legal consequences.'" *Ctr. for*

*Auto Safety v. Nat'l Highway Traffic Safety Admin.,* 452 F.3d 798, 800 (D.C.Cir. 2006) (quoting *Bennett v. Spear,* 520 U.S. 154, 178, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997)).

The Commission's January 15, 2010 order, therefore, neither marked the consummation of the Commission's decision-making process nor determined any rights or obligations. The only consequence of the Commission's order was to subject Petitioner to further proceedings before the Commission, but this does not qualify the Commission's January 15, 2010 order as a final agency action. *Aluminum Co. of Am. v. United States,* 790 F.2d 938, 941 (D.C.Cir.1986) ("It is firmly established that agency action is not final merely because it has the effect of requiring a party to participate in an agency proceeding."). Because the Commission's order is not a final agency action, this petition is not reviewable and must be dismissed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.